**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE:<br>    THOMAS W. OLICK | : | Chapter 13 |
| **Debtor(s)** | : | Bky. No. 07-10880 ELF |
| THOMAS W. OLICK | : | |
| **Plaintiff(s)** | : | |
| v. | : | Adv. No. 09-00312 |
| NORTHAMPTON COUNTY,<br>PALMER TOWNSHIP, EASTON AREA<br>SCHOOL DISTRICT, CITY OF EASTON | : | |
| **Defendant(s)** | : | |

**O R D E R**

**AND NOW**, by order dated **April 2, 2010** (Doc. # 47) ("the Discovery Order"), the court having granted the Plaintiff's Second Motion to Compel Discovery and having required Defendant Northampton County to respond to certain Interrogatories and produce certain documents **on or before April 23, 2010**;

**AND**, on **April 27, 2010**, the Plaintiff having filed a Motion for Sanctions ("the Motion"), asserting that Defendant Northampton County had failed to provide any discovery following the entry of the Discovery Order;

**AND**, at the hearing on the Motion held on **May 27, 2010**, Defendant Northampton County having acknowledged that it did not serve the ordered discovery on the Plaintiff until

-1-

**May 26, 2010;**[1]

    **AND**, Defendant Northampton County offering no justification for its failure to comply with the Discovery Order;

*   *   *   *

    **AND**, Fed. R. Civ. P. 37(b)(2)(A) (incorporated in this proceeding by Fed. R. Bankr. P. 7037) authorizing the court, in its discretion, to impose appropriate sanctions for the failure to obey an order to provide or permit discovery, including <u>inter alia</u>, directing that certain facts be deemed established, prohibiting the disobedient party from offering designated matters in evidence, and rendering a default judgment against the disobedient party;

    **AND**, in its discretion, the court concluding that the sanctions available under Rule 37(b)(2)(A) are not appropriate in this case given the nature of Defendant Northampton County's noncompliance and the relatively modest delay in its compliance with its obligations;

*   *   *   *

    **AND**, Fed. R. Civ. P. 37(b)(2)(C) providing that the court must order the disobedient party to pay the movant's reasonable expenses, including attorney's fees, resulting from the failure to obey an order to provide or permit discovery, unless the failure was substantially justified or other circumstances make an award unjust;

    **AND**, the court concluding that Defendant Northampton County's failure to comply with the Discovery Order was not substantially justified and no circumstances exist that would make

---

[1] At the hearing, the Plaintiff, who is acting <u>pro se</u>, asserted that he did not receive the discovery responses before departing for the May 27th hearing in the courthouse and that he did not see the responses until another copy was handed to him in the courtroom.

-2-

an award under Rule 37(b)(2)(C) unjust;

**AND**, because the Debtor is proceeding pro se, he is not entitled to an award of attorney's fees;[2]

**AND**, the Plaintiff being entitled to an award of his other expenses incurred as a result of Defendant Northampton County's failure to comply with the Discovery Order;

It is therefore **ORDERED** that:

1. The Motion is **GRANTED** .

2. **On or before July 9, 2010**, Defendant Northampton County shall pay the Plaintiff **$181.00** for reimbursement of his expenses.[3]

**Date: June 7, 2010**

ERIC L. FRANK
U.S. BANKRUPTCY JUDGE

cc: Thomas W. Olick
4014 Crestview Avenue
Easton, PA 18045

---

[2]  See generally Kay v. Ehrler, 499 U.S. 432 (1991) (pro se litigant may not collect attorneys fees under Civil Rights Attorney's Fees Award Act); Hawkins v. 1115 Legal Serv. Care, 163 F.3d 684 (2d Cir. 1998) ( under Title VII); Pitts v. Vaughn, 679 F.2d 311, 313 (3d Cir. 1982) (under Civil Rights Attorney's Fees Award Act).

[3]  The Plaintiff requested that his loss of a day's work to prosecute the Motion be treated as an expense under Rule 37(b)(2)(C).  I will do so.  In his Motion for Leave to Proceed In Forma Pauperis filed on February 4, 2010 in Adv. No. 07-060, the Plaintiff asserted that his bi-weekly income is $811.00.  Therefore, I will award him $81.00 for that expense.  In addition, I will award him travel expenses of $100.00 (150 miles roundtrip @ $0.50, plus $25.00 for parking).