**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 |
|     THOMAS W. OLICK | : | |
| | : | |
|     Debtor(s) | : | Bky. No. 07-10880ELF |
| | : | |
| THOMAS W. OLICK | : | |
| | : | |
|     Plaintiff(s) | : | |
| | : | |
| v. | : | Adv. No. 09-0312 |
| | : | |
| NORTHAMPTON COUNTY, et al. | : | |
| | : | |
|     Defendant(s) | : | |

# A M E N D E D   O R D E R

**AND NOW**, the court having entered judgment in the above-captioned adversary on November 9, 2010, see Memorandum and Order dated November 9, 2010 (Doc. #'s 96. 97);

**AND,** Plaintiff Thomas W. Olick ("the Plaintiff") having filed a Notice of Appeal and a Motion to Proceed In Forma Pauperis on November 17, 2010, (Doc. #'s 100, 102);

**AND**, the Plaintiff also having filed "Motion for Relief from the Court's Order of 11/9/10" ("the Motion to Reconsider") pursuant to Fed. R. Bankr. P. 9023 on November 17, 2010, (Doc. # 106);

**AND**, despite the Plaintiff's Notice of Appeal, the court having retained jurisdiction over the adversary proceeding when the Plaintiff filed the subsequent Motion to Reconsider, see Fed. R. Bankr. P. 8002(b);

**AND**, there being no merit to the Motion to Reconsider as the Plaintiff failed to present:

(a) arguments not previously considered by the court; (b) any persuasive argument that the court previously committed a manifest error of law or (c) any newly discovered evidence;[1]

It is hereby **ORDERED** that the Motion to Reconsider is **DENIED**.

**Date:  November 30, 2010**

ERIC L. FRANK
U.S. BANKRUPTCY JUDGE

cc:    Thomas W. Olick
       4014 Crestview Avenue
       Easton, PA 18045

---

[1]    The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985), cert. denied, 476 U.S. 1171, 106 S.Ct. 2895 (1986).  Also, it is an accepted legal principle that "courts should grant such motions sparingly because of their strong interest in finality of judgment." In re Kuhar, 2007 WL 2245912, *2 (Bankr. E.D. Pa. Aug. 1, 2007) (citations omitted).